IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IRIS KITCHEN,

                    Plaintiff,

          vs.

JUDGE MICHAEL D. NELSON,

                    Defendant.

**8:22CV117**

**MEMORANDUM AND ORDER**

      This matter is before the Court upon the filing of the complaint in this case and on a motion for leave to file informa pauperis.   The Court has conducted its initial review in this case pursuant to 28 U.S.C. § 1915(e)(2).

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be

1

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Plaintiff files this complaint against Magistrate Judge Nelson. Liberally construed, Plaintiff attempts to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

The Court finds that even when liberally construed, the allegations are nonsensical and sparse. Plaintiff alleges that Magistrate Judge Nelson committed malpractice, violated her civil rights, and committed discrimination. In particular, plaintiff argues that Magistrate Judge Nelson failed to allow her fair discovery and denied her the right with malicious intent to record evidence and made comments regarding her dress during hearings.

The Court has carefully reviewed the Complaint and the record. As set forth above, Plaintiff's allegations are difficult to decipher, and it is unclear which case the plaintiff refers. The Court, however, has reviewed all of Plaintiff's cases currently before it in this regard. The allegations by Plaintiff do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by Judge Nelson which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Magistrate Judge Nelson deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state

law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, is frivolous. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Further, Magistrate Judge Nelson is entitled to the defense of absolute judicial immunity. "A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *See Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdictions.'" *Id.* (internal citations omitted). *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Neither of these narrow circumstances apply in this case.

This matter is therefore dismissed.

**THEREFORE, IT IS THEREFORE ORDERED that**:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2.)

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending motions are denied.

Dated this 5th day of May, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge